UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MARTIQUE KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV411-250 |
| ) | |
| EASTERN JUDICIAL CIRCUIT ) | |
| OF GEORGIA; AL ST. LAWRENCE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Facing prosecution in state court for burglary and other crimes, *see* attached state court docket sheets, Martique Nashawn King has launched in this Court a series of "take that!" 42 U.S.C. § 1983 lawsuits against various individuals and the court involved in that prosecution. *See King v. Stokes*, No. CV411-188 (S.D. Ga. filed Aug. 1, 2011) (suing a state court judge involved in that prosecution; his case was promptly dismissed at the initial screening stage); *King v. Ihrig*, No. CV411-189 (S.D. Ga. filed Aug. 1, 2011) (§ 1983 action against his public defender; the Court is advising dismissal for lack of state action); *King v. St. Lawrence*, No. CV411-187 (S.D. Ga. filed Aug. 1, 2011) (suing jailer; the Court recommended the case be dismissed as frivolous); *King v. Grindle*,

No. CV411-199 (S.D. Ga. filed Aug. 8, 2011) (suing prosecutor; also recommended dismissal on frivolity grounds).[1]  Here he sues the state court where his criminal case is pending and his jailer.

Having completed his IFP paperwork (docs. 4 & 5), the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii) (allows a district court to sua sponte dismiss a claim of an a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process).[2]

King contends that the Eastern Judicial Circuit conspired (though he lists no co-conspirators) to deny him his right to a preliminary hearing and for incarcerating him without a determination of probable cause after his warrantless arrest. (Doc. 1 at 5.) He seeks only damages. (*Id.* at 7.) Even assuming that the Eastern Judicial Circuit is a suable entity,

---

[1] For good measure, he also filed a 28 U.S.C. § 2254 petition, *King v. St. Lawrence*, No. CV411-269 (S.D. Ga. filed Oct. 24, 2011). That, too, is slated for dismissal. *Id.*, doc. 3.

[2] The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

both it and the sheriff enjoy Eleventh Amendment sovereign immunity.[3] King is actually suing the state of Georgia. Hence, King must overcome the state's sovereign immunity. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). As the Eleventh Circuit has explained:

> The Eleventh Amendment to the United States Constitution bars suit in federal court against an "arm of the state," except where such immunity is waived by the state or abrogated by Congress. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Georgia law recognizes its sheriffs as "arms of the state." *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007).

*Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009); *West v. Tillman*, 496 F.3d 1321, 1326 n.7 (11th Cir. 2007). The same holds true for a state's judicial circuits. *See, e.g., Bey v. Ninth Judicial Circuit*, 2011 WL 1791284 at *2 (M.D. Fla. 2011). Here, King provides no basis for finding a waiver of sovereign immunity, so his damages claims against the Eastern Judicial Circuit and the sheriff fail.[4]

---

[3] This appears to be solely an official capacity suit, and "suits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989).

[4] Even if he named the judge handling his case, he would be immune individually. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute judicial immunity provides immunity from suit itself, not merely from the ultimate assessment of damages).

He also fails to state a claim for relief. While pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure. *Aschcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555-56). Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff must allege a nonconclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v.*

*United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. King's assertion of a "conspiracy" without more is insufficient in that regard. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Moreover, he has failed to offer any facts implicating the sheriff in the conspiracy. In fact, he never mentions the sheriff in the body of his complaint.

For the foregoing reasons, this case should be **DISMISSED.** Meanwhile, it is time for King to pay. Based on his furnished information (doc. 4 ($.86 average monthly balance for the last six months and $10.50 average monthly deposits)), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $2.10. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under

a specific 20 percent formula) (emphasis added).  Plaintiff's custodian (or designee) therefore shall deduct $2.10 from King's account and remit to the Clerk of Court (payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this ___9TH___ day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
